UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CALVIN LUCKY,

                        Plaintiff,

            -against-

CITY OF NEW YORK; Detective TODD CRACCO, Shield No. 2359; Sergeant ALAN LAM, Shield No. 632; UC # C-0032; UC # C-0234; Detective TIMOTHY ERWIG, Shield No. 2533; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

11 CV 235 (SJ) (MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Calvin Lucky ("Plaintiff" or "Mr. Lucky"), an African-American male, is a resident of Queens County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Detective Todd Cracco ("Cracco"), Shield No. 2359, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cracco is sued in his individual and official capacities.

10. Defendant Sergeant Alan Lam ("Lam"), Shield No. 632, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lam is sued in his individual and official capacities.

11. Defendant Undercover Officer No. C-0032 ("UC C-0032"), at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name or shield number of defendant UC C-0032. Defendant UC C-0032 is sued in his individual and official capacities.

12. Defendant Undercover Officer No. C-0234 ("UC C-0234"), at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name or shield number of defendant UC C-0234. Defendant UC C-0234 is sued in his individual and official capacities.

13. Defendant Timothy Erwig ("Erwig"), Shield No. 2533, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Erwig is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. At approximately 9:30 p.m. on July 6, 2010, Plaintiff was lawfully present inside of a deli in the vicinity of Tompkins Avenue and Halsey Street in Brooklyn,

New York.

18. Plaintiff left the deli and was walking down Tompkins Avenue when he was approached by a plainclothes police officer.

19. The officer asked Plaintiff, in sum and substance, where he was coming from.

20. Plaintiff told the officer, in sum and substance, that he had just left the deli.

21. Plaintiff was then subjected to an unlawful search of his person.

22. No contraband was recovered from Plaintiff during the search.

23. Plaintiff was then arrested and transported to an NYPD precinct.

24. At the precinct, Plaintiff was subjected to an unlawful strip search.

25. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that Plaintiff had been involved in the sale of drugs to an undercover police officer and prepared police paperwork and other documents to that effect.

26. Plaintiff had not been involved in a drug sale or any other illegal activity prior to his arrest.

27. The officers fabricated these statements and prepared these documents in an effort to frame Plaintiff for crimes he had not committed, improve their arrest statistics and further their careers.

28. Plaintiff was then transferred to Brooklyn Central Booking and held for approximately fifteen hours before being arraigned on the fabricated drug-sale charges.

29. At arraignment, bail was imposed in the amount of $2,500 and Plaintiff was transported to Rikers Island.

30. Based on the evidence fabricated by the police officers, Plaintiff was indicted by a grand jury on or about July 14, 2010 on charges of Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Seventh Degree.

31. Plaintiff remained incarcerated on Rikers Island for approximately ten days until he posted bail on or about July 16, 2010.

32. Even though Plaintiff had been indicted, the Kings County District Attorney's Office voluntarily dismissed all charges against him on or about September 21, 2010.

33. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

34. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

35. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, loss of property and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Unlawful Stop and Search

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### False Arrest

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### State Law False Imprisonment and False Arrest

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, the individual defendants are liable to Plaintiff for falsely imprisoning and falsely arresting Plaintiff.

48. Plaintiff was conscious of his confinement.

49. Plaintiff did not consent to his confinement.

50. Plaintiff's confinement was not otherwise privileged.

51. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Malicious Prosecution

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By their conduct, as described herein, and acting under color of state law, defendants are liable to Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in Plaintiff's favor.

56. As a direct and proximate result of defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages, including mental and

emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### State Law Malicious Prosecution

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. By their conduct, as described herein, defendants are liable to Plaintiff for having committed malicious prosecution under the laws of the State of New York.

59. Defendants maliciously commenced criminal proceeding against Plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged Plaintiff with violations of the laws of the State of New York.

60. The commencement and continuation of the criminal proceedings against Plaintiff was malicious and without probable cause.

61. All charges were terminated in Plaintiff's favor.

62. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

63. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. The individual defendants created false evidence against Plaintiff.

66. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

67. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Malicious Abuse Of Process

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. The individual defendants issued legal process to place Plaintiff under arrest.

71. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to frame Plaintiff for crimes he had not committed, improve their arrest statistics and further their careers.

72. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Hiring/Training/Retention Of Employment Services

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

76. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

77. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

78. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of Plaintiff's injuries.

79. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Unlawful Strip Search

80. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

81. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected Plaintiff to a strip search without legal justification.

82. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

83. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

85. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

86. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
*Monell*

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

89. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

90. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

91. Federal judges have also recognized such a custom and practice of police officers. According to the Honorable Jack B. Weinstein:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

Colon v. City of New York, 09 Civ 08, 09 Civ 09 (E.D.N.Y. Nov. 25, 2009).

92. According to the New York Post, prosecutors have accused NYPD Narcotics officers in Brooklyn of engaging in the practice of "flaking," in which officers drop so-called pre-recorded buy money in drug-prone locations and arrest unsuspecting individuals who pick it up. See Thomas Tracy, *Crooked Cop Crackdown Continues*, N.Y. POST, December 6, 2010.

93. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

94. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

95. These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   June 30, 2011
         New York, New York

                                      HARVIS & SALEEM LLP

                                      Gabriel P. Harvis
                                      305 Broadway, 14th Floor
                                      New York, New York 10007
                                      (212) 323-6880
                                      gharvis@harvisandsaleem.com

                                      *Attorney for Plaintiff*